UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS, : : : : : Plaintiff, : : v. : : JOHN DEBS, : : Defendant. : | CIVIL ACTION NO. 04-40196-FDS |

MOTION FOR JUDGMENT OF DEFAULT
AGAINST JOHN DEBS

Pursuant to Federal Rule of Civil Procedure 55(b) and Local Rules of Civil Procedure, Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications, hereby moves this Court for a judgment by default against the Defendant John Debs (the "Defendant"), in the above-captioned action. In support of its Motion, Plaintiff states that:

1. The Complaint in the above-captioned action was filed in this Court on September 30, 2004;

2. The Defendant was served by Deputy Sheriff Kenneth R. Hannam by delivering in hand a true and attested copy of the Summons and Complaint to the abode of the Defendant on October 4, 2004, pursuant to Rule 4(c) and 4(e) of the Federal Rules of Civil Procedure;

NO ORAL ARGUMENT REQUESTED

3. The Defendant filed an Appearance on November 24, 2004 in the above-captioned action;

4. On or about November 5, 2004 the Plaintiff moved for Entry of Default against the Defendant and sent a copy of such Motion to him at his current address;

5. Default was entered by this Court pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on November 23, 2004, and, pursuant to that Order and Federal Rule of Civil Procedure 55, Plaintiff was directed to file a Motion for Judgment of Default within thirty days;

6. The Defendant filed a response to the Complaint on November 24, 2004, which was due on or before October 25, 2004, as required by Rule 12(a) of the Federal Rules of Civil Procedure;

7. In the Complaint, Plaintiff claims that the Defendant engaged in conduct and acts constituting violations of 47 U.S.C. § 553(a) and 47 U.S.C. §605(a);

8. No proceedings have been taken by the Defendant in this action since his default was entered; and

9. The Defendant is not in the military service and is not an infant or incompetent as appears in the Affidavit attached hereto as Exhibit B.

WHEREFORE, the Plaintiff requests the Court to enter judgment against the Defendant as follows:

1. For statutory damages in favor of Plaintiff against the Defendant in the amount of $10,000 for Defendant's one violation of 47 U.S.C. § 553(a) or $10,000 for Defendant's one violation of 47 U.S.C. § 605(a); as described in the Affidavit of Mary P. Paul and Plaintiff's Damages Analysis, attached hereto as Exhibits A and C, respectively;

2. Ordering that the Defendant, his servants, agents, employees, successors and assigns and those persons in active concert or participation with any of them, are permanently enjoined and restrained from engaging in, aiding, abetting or otherwise promoting or supporting interception or reception of the cable television programming, service or signal of Charter, including, without limitation, the following: permanently enjoining and restraining the Defendant from connecting, attaching, splicing into, tampering with or in any way using cable wires of Charter for purposes of obtaining any of the programming services of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from manufacturing, purchasing, obtaining, installing, owning or possessing any equipment, components or parts used to make any such equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from attaching or connecting any such equipment to any property of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from attaching or connecting any such equipment to any property of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from any further tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, any of Charter's cable systems without Charter's authorization, in accordance with 47 U.S.C. § 553(c)(2)(A) and 47 U.S.C. §605(e)3(B)(i) ;

3. Awarding the Plaintiff its attorneys' fees and costs in prosecuting this action, in accordance with 47 U.S.C. § 553(c)(2)(C) and 47 U.S.C. § 605(e)(3)(B)(iii) in the amount specified for the Defendant in the Affidavit attached hereto as Exhibit D; and

4.  Granting such other relief as the Court determines is just and proper.

>PLAINTIFF – CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS
>
>By Its Attorneys,
>
>_____
>Burton B. Cohen, BBO#656190
>Christopher L. Brown, BBO# 642688
>Murtha Cullina, LLP
>99 High Street-20th Floor
>Boston, MA 02110
>(617) 457-4000

Dated: May 23, 2005

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Default Judgment Against Defendant John Debs with Exhibits was mailed first-class, postage prepaid, on May 23, 2005 to:

John Debs
11 Foster Street Suite 205
Worcester, MA 01608

_____
Christopher L. Brown